UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DONNA PANERO,

      Plaintiff,                                      CASE NO.:

vs.

ABLETO, INC.,
a Foreign Profit Corporation,

      Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, DONNA PANERO (hereinafter "PANERO"), by and through the undersigned Counsel, and sues the Defendant, ABLETO, INC., a Foreign Profit Corporation, (hereinafter "ABLETO" or "Defendant"), and alleges the following:

## PRELIMINARY STATEMENT

1.      This action seeks damages for lost wages, benefits, other compensation, liquidated damages, and attorney's fees and costs for retaliation suffered by PANERO in the form of retaliation and interference in violation of the Family and Medical Leave Act of 1993.

## JURISDICTION AND VENUE

2.      This is a civil action with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

3.      This Court is vested with federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et. seq.* (hereinafter referred to as "the FMLA").

4.      Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b) because all actions relevant giving rise to this claim arose in this Judicial Circuit. At all times, Plaintiff performed work within Palm Beach County.

5.      Plaintiff has met all conditions precedent to the maintenance of this action or said conditions have been waived.

6.      PANERO has also timely filed a charge of race and age discrimination with the Equal Employment Opportunity Commission and the Palm Beach Office of Equal Opportunity, and hereby reserves her right to amend her complaint to add counts arising under Title VII of the Federal Civil Rights Act and the Florida Civil Rights Act as soon as those counts are ripe for adjudication.

## PARTIES

7.      Plaintiff, PANERO, is an individual who resided in Palm Beach County, Florida, during the time of her employment with ABLETO, is over the age of eighteen years, and otherwise *sui juris*.

8.      At all times herein mentioned, PANERO was employed by ABLETO which has a principal place of business located at 320 W. 37th Street, 5th Floor, New York, NY 10018.

9.      ABLETO is a Foreign Profit Corporation that offers virtual therapy and emotional support programs throughout the United States, including Palm Beach County, Florida, within the jurisdiction of this court.

10.     At all times material hereto, PANERO was an eligible employee within the meaning of the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her leave, which commenced on June 16, 2021. PANERO is therefore an "employee" under 29 U.S.C. §2611(2).

11.     At all material times hereto, ABLETO, was a covered employer within the meaning of the FMLA.

## GENERAL ALLEGATIONS

12.     PANERO began her employment with ABLETO in March 2018 as a Senior Recruiter.

13.     ABLETO promoted PANERO to the position of Senior Manager within just a few months in July 2018.

14.     In March 2019, ABLETO promoted PANERO again to the position of Director of Talent Acquisition, a position PANERO successfully maintained until her termination.

15.     In early March 2021, ABLETO provided PANERO with a performance review accompanied by a 5% pay increase and full bonus payout. PANERO, during the verbal review, was praised for coming up with new ideas and creative recruiting strategies.

16.     On March 25, 2021, PANERO asked for a medical accommodation in the form of a chair due to the leg pain she was experiencing.

17.     The following month, on April 15, 2021, PANERO visited Cleveland Clinic, where it was confirmed that a total knee replacement was medically necessary.

18.     PANERO obtained a second opinion for the surgery at the Paley Institute with Dr. Minas on April 27, 2021.

19.     On May 4, 2021, PANERO informed ABLETO of the date of her scheduled knee surgery: June 16, 2021. PANERO received FMLA correspondence from Shane Cobb, ABLETO's FMLA representative, which granted PANERO's FMLA leave for four (4) weeks, as requested.

20.     On May 18, 2021, just days after requesting and being granted FMLA leave, which was scheduled to begin on the date of PANERO's surgery, PANERO's direct supervisor, Josh

Moore, initiated a conversation with PANERO regarding whether PANERO wanted Mr. Moore to ask Stephanie Carroll, a supervisor who had been harassing PANERO, for severance because of the way Ms. Carroll was treating PANERO.

21.     PANERO declined Mr. Moore's suggestion regarding a push for severance, expressing that while she did not want to continue to be subject to Ms. Carroll's inappropriate and negative comments, PANERO liked her job and wanted to stay with the company.

22.     On May 19, 2021, PANERO received praise from Mr. Moore for a successful team meeting. Additionally, Ms. Carroll extended an apology to PANERO for her inappropriate conduct the month prior.

23.     On May 24, 2021, ABLETO posted a listing for "Director of Talent Acquisition for Clinical", a position PANERO was currently performing as the Director of Talent Acquisition alongside Mr. Moore.

24.     The following day, May 25, 2021, ABLETO notified PANERO that it was restructuring her position into two positions: Director of Talent Acquisition for Corporate and Director of Talent Acquisition for Clinical.

25.     ABLETO, through Mr. Moore, asked PANERO which area she would prefer to oversee. ABLETO, through Mr. Moore, pressured PANERO to select the "corporate" title with no mention that the position was in jeopardy of elimination.

26.     PANERO expressed to Mr. Moore her concern that this splitting of her position would segue to her termination; however, Mr. Moore assured PANERO that her position was secure. Mr. Moore even went so far as to state that PANERO was being paranoid.

27.     At no point during the conversations PANERO had with ABLETO, through her direct supervisor, Mr. Moore, did ABLETO advise PANERO that the newly created corporate position was at risk of an elimination of position.

28.     On June 16, 2021, the scheduled date of her knee surgery, PANERO began her leave under the FMLA.

29.     Shortly after completing the surgery, PANERO suffered complications and was readmitted to the hospital. PANERO notified ABLETO of her need to extend her leave from four (4) weeks to the full twelve (12) she was entitled to. PANERO submitted the appropriate paperwork and was granted the full twelve (12) weeks of leave.

30.     While PANERO was out on FMLA leave, Beth Oddan began her role with ABLETO, assuming PANERO's position for the existing recruiting meetings with PANERO's team as the Director of Talent Acquisition.

31.     On July 26, 2021, while still on FMLA leave, ABLETO scheduled a meeting of which they required PANERO to participate despite being on FMLA leave. During this meeting ABLETO notified PANERO that her position had been eliminated and provided a separation date of September 16, 2021.

32.     ABLETO did not offer PANERO another position with the company at any time between the date of her notice and the "separation date."

33.     PANERO was thereafter emailed, also on July 26, 2021, a summary of terms of her position elimination which provided for (1) a "notice period" from July 26, 2021 through September 15, 2021 in which PANERO would continue to be paid, in full, as an active employee on a leave of absence, (2) a separation date of September 16, 2021, and (3) a severance period,

should she execute a Separation Agreement, from September 16, 2021 through October 29, 2021. She was told the Separation Agreement would follow via separate email.

34.     On August 2, 2021, ABLETO emailed PANERO a Separation Agreement and General Release (the "Separation Agreement").

35.     The Separation Agreement conditioned a severance payment to PANERO on her agreement "to make herself available between July 26, 2021 and September 16, 2021, as needed by the Company" although PANERO was on an approved FMLA leave for a majority of that timeframe.

36.     In response to the Separation Agreement, PANERO hired Spielberger Law Group, P.A. to negotiate on her behalf. Spielberger Law Group sent correspondence to ABLETO on August 3, 2021, which addressed PANERO's pending severance offer in addition to PANERO's claims of FMLA retaliation and race and age discrimination.

37.     Shortly thereafter, PANERO hired the undersigned counsel to proceed forward with these claims against ABLETO. Sconzo Law Office sent out additional correspondence, clarifying PANERO's claims of FMLA retaliation on August 12, 2021.

38.     Shortly thereafter, on August 25, 2021, ABLETO moved PANERO to unpaid status, furthering its retaliatory actions against PANERO after PANERO asserted alleged violations of the FMLA after terminating her, under pretext, in retaliation for taking protected leave under the FMLA.

39.     Additionally, following PANERO's termination, PANERO became aware of other positions available within ABLETO that she was qualified and capable of fulfilling including a LinkedIn job posting on September 20, 2021 of "Senior Manager, Talent Acquisition and Operational Excellence." ABLETO did not extend an offer of this position to PANERO.

40.     Since the time of her termination, despite continued diligent efforts, PANERO has been unable to find substantially equivalent employment.

## COUNT I – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993 - RETALIATION, 29 U.S.C. §§ 621-634

41.     Plaintiff, PANERO, adopts and incorporates by reference the allegations in Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     By terminating PANERO's employment, ABLETO, retaliated against PANERO for exercising her statutory rights pursuant to the FMLA to take leave to which she was entitled.

43.     At all times relevant, Defendant, ABLETO, was PANERO's "employer" as defined under the FMLA, 29 U.S.C. §2611.

44.     PANERO provided sufficient notice to her employer of her need for a four-week leave under the FMLA as she advised them that she required knee surgery as soon as she could.

45.     PANERO subsequently notified ABLETO as soon as she was able of her need, due to surgery complications, to extend said leave to twelve (12) weeks.

46.     Prior to PANERO's return to work, ABLETO terminated PANERO's employment without valid cause, citing to an elimination of position although ABLETO had only recently created the position PANERO was fulfilling and had already replaced PANERO.

47.     PANERO's termination under pretext constitutes an adverse employment action.

48.     The fact that PANERO was entitled to leave under the FMLA was a "protected activity" under the FMLA.

49.     PANERO's absences were, at minimum, a motivating factor in ABLETO's decision to terminate PANERO's employment.

50. ABLETO's purported reason(s) for terminating PANERO are pretextual as PANERO was not advised that her performance was lacking, nor advised that her employment was at risk.

51. ABLETO's additional action of removing PANERO from paid status on August 25, 2021, more than two weeks prior to her assigned "separation date" of September 16, 2021, after receiving notice of her FMLA violation claims constitutes an adverse employment action and further retaliation in violation of the FMLA.

52. ABLETO, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of ABLETO's employees should be imputed to ABLETO.

53. PANERO has suffered direct pecuniary losses as a result of ABLETO's above-described violation of the FMLA.

54. PANERO will suffer future pecuniary losses as a direct result of ABLETO's violation of the FMLA.

55. PANERO is now suffering and will continue to suffer irreparable injury because of the way she was treated by ABLETO.

56. PANERO has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from ABLETO.

## COUNT II – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993 - INTERFERENCE, 29 U.S.C. §§ 621-634

57. Plaintiff, PANERO, adopts and incorporates by reference the allegations in Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

58.     PANERO was eligible for FMLA leave for her serious medical condition pursuant to 29 U.S.C. §2612(a)(1)(D). PANERO advised her employer of her medical necessary surgery in May 2021 and subsequent medical complications in June 2021.

59.     Under the FMLA, 29 U.S.C. § 2614(a), PANERO had the right to take leave, and be restored to her position or its equivalent.

60.      When ABLETO terminated PANERO, ABLETO interfered with PANERO's right to her position, or its equivalent, and thus violated the FMLA.

61.     Further, by notifying PANERO on July 26, 2021 that her position had been eliminated, ABLETO interrupted PANERO's medical leave and left her in the unenviable position of either seeking to immediately end her medically required leave and attempt to return to work at ABLETO in hopes this would save her position or be forced to look for a new position outside of ABLETO.

62.     When ABLETO notified PANERO of her termination on July 26, 2021 and provided a proposed Separation and General Release Agreement on August 2, 2021, ABLETO interfered with PANERO's right to take a protected leave, as the Agreement included a provision requiring PANERO to "make herself available between July 26, 2021 and September 16, 2021, as needed by the Company". PANERO was still on leave under the FMLA during this timeframe.

63.     Pursuant to the proposed Separation and General Release Agreement, PANERO was not entitled to the offered severance unless she made herself available to the Company between July 26, 2021 and September 16, 2021, although PANERO's leave under the FMLA extended twelve (12) weeks from June 16, 2021, or approximately until September 7, 2021.

64.     Additionally, PANERO was required to review and execute said proposed Separation and General Release Agreement by August 16, 2021. Accordingly, PANERO was required to complete said task while still on leave under the FMLA.

65.     When ABLETO terminated PANERO, PANERO suffered and will continue to suffer, a loss of wages and benefits. Further, PANERO is currently still recovering from surgery, making it difficult to find comparable employment while she requires reasonable accommodations.

66.     ABLETO's conduct was not done in good faith and PANERO is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

67.     ABLETO, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

68.     PANERO has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from ABLETO.

69.     Should PANERO prevail, PANERO is entitled to be awarded reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, DONNA PANERO, demands judgment against Defendant, ABLETO, INC., a Foreign Profit Corporation, and requests the following relief:

1.  Enter judgment in favor of PANERO for ABLETO's violations of the FMLA.

2.  Award PANERO actual damages suffered;

3.  Award back pay and value of lost employment benefits to PANERO;

4.  Award front pay to PANERO for the years she would have worked absent ABLETO's retaliatory treatment;

5. Enter judgment in favor of PANERO for compensatory damages for the embarrassment, anxiety, humiliation, damage to reputation, and emotional distress PANERO has suffered and continues to suffer;

6. Award PANERO punitive damages;

7. Award to PANERO all costs and reasonable attorney's fees incurred in connection with this action;

8. Award prejudgment interest on all monetary recovery obtained; and

9. Grant such additional or alternative relief as may appear to the court to be just and equitable.


## JURY TRIAL DEMAND

Plaintiff, DONNA PANERO, demands a trial by jury on all issues so triable.

Dated October 1 2021.

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQ.
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** alexa@sconzolawoffice.com